### ARMSTRONG *v.* HIGH & COMPANY.

This being a close case, and the court having erred both in admitting and in rejecting evidence, there should be another trial.

Argued December 14, 1898. — Decided February 11, 1899.

Complaint. Before Judge Berry. City court of Atlanta. May 23, 1898.

*Shepard Bryan,* for plaintiff.
*Dorsey, Brewster & Howell* and *A. Heyman,* for defendants.

LUMPKIN, P. J. This was an action by Armstrong against J. M. High & Co., for a balance upon a salary alleged to be due by the defendants to the plaintiff as a clerk, the petition alleging that the plaintiff had been wrongfully and without cause discharged before the expiration of his term of employment, which was for a period of one year. It was further alleged that a part of the consideration of the contract of employment was the entering of a retraxit by the plaintiff in a former suit brought by him against the defendants upon another and distinct cause of action. The alleged contract relied on by the plaintiff in the present action was in parol, and according to its terms was not to be fully performed within a year from the time it was

made.   The evidence introduced by him showed, however, that the contract had been entered upon and to a large extent performed.   The defendants denied having made with the plaintiff any contract for an entire year's service, and also set up the statute of frauds.   The evidence at the trial was conflicting, and the jury returned a verdict in favor of the defendants.

It appeared that the plaintiff had placed the claim upon which this action was brought in the hands of an attorney named Thomas Wright, for collection.   The court, over the objection of the plaintiff, permitted McClelland, a member of the defendants' firm, to testify as follows: "I told Mr. Wright, if he would get a reputable witness to state that which he stated to me, I would give him a check for the amount.   Mr. Wright stated to me that Mr. Armstrong could show by John Morris, who was the only witness, that I had talked with Mr. Morris and had stated that I had hired Mr. Armstrong for a year; and I said 'Tom, if Mr. Morris will say that I said I hired [Armstrong] for a year, I will give him a check for it.'   I knew he would not state it.   . .   When Mr. Armstrong failed to substantiate what he had told him, Mr. Wright said : 'I will drop it; I will have nothing more to do with it.' "   Exception was taken specially to the evidence embraced in the last sentence of the above-quoted testimony.   We think the court erred in allowing the witness to state as a fact that "Armstrong failed to substantiate what he had told" his attorney.   The witness manifestly derived his whole knowledge on this subject merely from hearsay.   Indeed he did not profess to know, otherwise than from his conversation with the attorney, what had passed between the latter and his client.   We also think it was erroneous to allow the witness to testify that Wright, the plaintiff's former attorney, had said, in effect, that being convinced his client had falsely represented to him what Morris would swear, he (the attorney) would therefore abandon the case.   We do not understand that an attorney at law, employed to collect a claim, has, as agent for his client, authority to admit that the latter has made false statements about his case, or that such attorney can bind his client by the expression of an opinion that the claim in his hands for collection is not a just one.

The court refused to permit the plaintiff to introduce in evidence any portion of the record of the former suit in which the retraxit had been entered, except the judgment entered therein.   We think this ruling was erroneous.  In view of the allegations in the plaintiff's petition, he was entitled to show the precise character of the former action, as well as the disposition of it.   This evidence was certainly relevant upon the question of the statute of frauds, and was also admissible as corroborative of the plaintiff's testimony in support of his contention that his term of employment was for one year.

The foregoing covers all the material questions in the case. Another point made was that the court allowed Holt, another member of the defendants' firm, to testify as to the custom of the house relatively to making contracts with its employees. It appears, however, that the witness alluded to this custom merely as illustrating his knowledge of the matter in hand, and that the court distinctly informed the jury that Armstrong was not bound by any such custom, if it existed.

*Judgment reversed.    All the Justices concurring.*